IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ANTHONY COOKS                           §
   TDCJ-CID #1109101                  §
                                  §
VS.                                     §   CIVIL NO. 2:10-CV-332
                                  §
OSCAR BARRON, ET

### ORDER DENYING PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

Pending is plaintiff's motion for summary judgment (D.E. 23), to which defendant has filed a response in opposition. (D.E. 24). For the reasons stated herein, plaintiff's motion for summary judgment is denied.

### I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II.  BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas.

On October 18, 2010, plaintiff filed his original complaint alleging that, sometime in 2009, while he was housed in administrative segregation, defendant Officer Barron physically assaulted him, and that defendants Officer Espinoza, Officer Villarreal, and Lieutenant Pulido failed to protect him both during the assault, and thereafter.

Following a November 19, 2010 evidentiary hearing, plaintiff's Eighth Amendment claims against defendants were retained, and service ordered on defendants. (D.E. 9, 10, 16).

On January 18, 2011, defendants filed their answer and raised the defense of qualified immunity.  (D.E. 18).

On February 4, 2011, Plaintiff filed a 2-page pleading entitled "Summary Judgment Demand" (D.E. 23), wherein he requested the appointment of counsel,[1] and in addition, requested that the Court enter judgment without a trial "because there is no genuine issue of material fact to be decided by a fact finder."  Id. at 1-2.

On February 8, 2011, defendants filed there response in opposition.  (D.E. 24).  Defendants point out that plaintiff has not offered any evidence on his excessive force/failure to protect claims beyond his own allegations in his complaint and at the Spears hearing, such that summary judgment is not appropriate.

### III. DISCUSSION

**A.     Summary judgment standard.**

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See FED.R.CIV.P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id., 477 U.S. at 251-52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motions.  See Caboni v. General Motors Corp., 278 F.3d 448, 451 (5th Cir.

---

[1] The magistrate judge will address plaintiff's request for appointment of counsel.

2002).  The Court may not weigh the evidence or evaluate the credibility of witnesses.  See id.
Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would
be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the
matters stated therein."  FED.R.CIV.P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co.,
969 F.2d 1559 (5th Cir. 1992) (refusing to consider affidavits that relied on hearsay statements);
Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (stating that courts
cannot consider hearsay evidence in affidavits and depositions).  Unauthenticated and unverified
documents do not constitute proper summary judgment evidence.  See King v. Dogan, 31 F.3d 344,
346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of
material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party
demonstrates an absence of evidence supporting the nonmoving party's case, the burden shifts to
the nonmoving party to come forward with specific facts showing that a genuine issue for trial does
exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To sustain
this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  See
FED.R.CIV.P. 56(e); Anderson, 477 U.S. at 248-49. "After the nonmovant has been given an
opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant,
summary judgment will be granted."  Caboni, 278 F.3d at 451.  "If reasonable minds could differ
as to the import of the evidence . . . a verdict should not be directed."  Anderson, 477 U.S. at 250-51,
106 S. Ct. at 2511.

3

**B.**     **Analysis.**

**1.**     **Excessive force.**

Plaintiff claims that Officer Barron used excessive force against him while attempting to sexually assault him.

To state a claim for excessive force, a plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant. See Hudson v. McMillian, 503 U.S. 1, 6, 10 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  The factors to be considered are (1) the extent of the injury suffered; (2)  the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5)  any effort made to temper the severity of a forceful response.  Gomez, 163 F.3d at 923.

In this case, Officer Barron has filed an answer denying plaintiff's allegations and, in addition, arguing that, even if he used excessive force, he is entitled to qualified immunity because his actions were reasonable under the facts of this case.  (See D.E. 18).  Indeed, because this case is at the initial stages, the Court does not yet have the TDCJ documentation evidencing the use of force, nor the statements from Officer Barron or other potential witnesses to the event, nor does it have appropriate affidavits or other summary judgment evidence.  Moreover, the Court notes that, in excessive force claims, in particular, there is often a genuine issue of material fact because the offender generally feels that the force applied was excessive, while the defendant officer believes

4

the force was necessary and appropriate in response to some action by the inmate. That is, claims of excessive force often must be submitted to a trier of fact. Regardless, however, it is clear that, at this time, plaintiff has not established that he is entitled to judgment in his favor, and his motion for summary judgment as to Officer Barron is denied.

   **2.  Failure to protect.**

   Plaintiff claims that Officer Espinoza and Officer Villarreal witnessed the assault but failed to intervene or assist him. Plaintiff also testified that he had an antagonistic history with Officer Barron, such that Officer Espinoza and Officer Villarreal should have prevented Officer Barron from going near plaintiff. Plaintiff claims that Lieutenant Pulido also failed to protect him by failing to investigate the assault properly after it occurred, thus making plaintiff more vulnerable to future retaliation and/or assaults.

   Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Cantu, 293 F.3d at 844 (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835.

   Again, in their answer, defendants denied plaintiff's allegations of failure to protect and raised the defense of qualified immunity. (D.E. 18). Plaintiff offers no uncontested evidence to establish his claims against these individuals. Accordingly, genuine issues of material fact exist, and plaintiff's request for summary judgment is denied.

## IV.  <u>CONCLUSION</u>

For the reasons stated herein, plaintiff's motion for summary judgment (D.E. 23) is denied without prejudice.

Signed this 24th day of February, 2011.


_____
Janis Graham Jack
United States District Judge