IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY COOKS, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Case No. 2:10cv332 |
| | § | |
| OSCAR BARRON, ET AL., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF TIME TO SEEK ATTORNEY APPOINTMENT

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the McConnell Unit in Beeville, Texas.  Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Barron sexually assaulted him, and the remaining defendants failed to protect him (D.E. 1).  Service of process was ordered and all defendants have filed their answer (D.E. 18).  Pending are plaintiff's motions for appointment of counsel (D.E. 23, 28), and for an extension of time to seek appointment of an attorney (D.E. 21).[1]

---

[1]Plaintiff is warned that none of his recent pleadings contains a certificate of service.  The Federal Rules of Civil Procedure and the Local Rules for the Southern District of Texas require that plaintiff mail to counsel for the defendants a copy of any pleading, motion, or paper he files with the court, and also require that all of his pleadings contain a certificate of service at the end stating that he mailed a copy of his pleading to the lawyer for the defendants. FED. R. CIV. P. 5(d); LR5.3, 5.5.  Any pleadings filed by plaintiff in the future which do not contain a certificate of service will be struck without notice and not considered.

In <u>Bounds v. Smith</u>, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  <u>Bounds v. Smith</u>, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  <u>Akasike v. Fitzpatrick</u>, 26 F.3d 510, 512 (5th Cir. 1994); <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982). Further, <u>Bounds</u> did not create  a "free-standing right to a law library or legal assistance." <u>Lewis v. Casey</u>, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  <u>Jackson v. Dallas Police Department</u>, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  <u>Id.</u>  This case is not complex.  According to plaintiff, defendant Barron sexually assaulted him, and the remaining defendants failed to act to protect him after knowing of the assault.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  <u>Id.</u>  Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent.  During the evidentiary hearing held by telephone conference, plaintiff demonstrated he understood his claims.  It appears from plaintiff's pleadings that he is receiving help from other inmates or from the law library.  At this early stage of the

2

case, plaintiff is in a position to adequately investigate and present his case, and to conduct discovery.  Initial disclosures have been supplied to plaintiff (D.E. 26), and he may communicate directly with the attorney for the defendant if he is seeking additional discovery.  Plaintiff also claims his legal materials have been lost in a recent transfer to another unit, yet his recent correspondence with the court reflects that he remains at the McConnell Unit (D.E. 30, 31).  If plaintiff's legal materials are lost during a transfer, he may request  additional time to meet discovery and other deadlines if he can demonstrate a need for an extension of time.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Id.  Examination of this factor is premature because the case has not yet been set for trial.  Dispositive motions have not yet been filed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorney's fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's second motion for appointment of counsel (D.E. 28) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

Plaintiff's motion for extension of time to seek attorney appointment (D.E. 21) is also denied as unnecessary.  Plaintiff does not need to file a motion for extension of time to seek

appointment of an attorney.  He can file a motion for appointment of counsel at any stage of the case.

ORDERED this 2nd day of March, 2011.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE