IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY COOKS, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Case No. 2:10cv332 |
| | § | |
| OSCAR BARRON, ET AL., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Barron sexually assaulted him, and the remaining defendants failed to protect him (D.E. 1). Service of process was ordered, all defendants have answered and filed a motion for summary judgment, and plaintiff has filed his response (D.E. 55, 61). Pending is plaintiff's third motion for appointment of counsel (D.E. 60).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance."

Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  This case is not complex.  According to plaintiff, defendant Barron sexually assaulted him, and the remaining defendants failed to act to protect him after knowing of the assault.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Id.  Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent.  During the evidentiary hearing held by telephone conference, plaintiff demonstrated he understood his claims.  It appears from plaintiff's pleadings that he is receiving help from other inmates and from the law library.  Plaintiff has been able to conduct discovery and has filed his response to the motion for summary judgment.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id.  Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorney's fees to a

prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's third motion for appointment of counsel (D.E. 60) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 10th day of June, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE