UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY COOKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-332 |
| | § | |
| OSCAR BARRON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO COMPEL</u>**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants have filed their motion for summary judgment, asserting their defense of qualified immunity (D.E. 55). Pending are plaintiff's motions to compel (D.E. 50, 51).

Plaintiff alleges in this case that defendant Barron sexually assaulted him, and that the remaining defendants failed to protect him from the assault. In his motions to compel, plaintiff seeks the criminal and employment records of the defendants. Defendants objected on grounds of qualified immunity.

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. ___, 129 S. Ct. 808, 815 (January 21, 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en

banc).  To discharge this burden, the plaintiff must satisfy a two-prong test." <u>Atteberry v</u> <u>.Nocana Gen. Hosp.</u>, 430 F.3d 245, 251-52 (5th Cir. 2005).  First he must claim that the defendants committed a constitutional violation under current law.  <u>Id.</u> (citation omitted).  Second, he must claim that defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of.  <u>Id.</u>

Discovery at this stage of the case is limited to qualified immunity issues.  The defendants' criminal and employment histories are not relevant to the qualified immunity analysis.

Plaintiff's motions to compel (D.E. 50, 51) are denied without prejudice.  If plaintiff's claims survive summary judgment, he may renew his discovery requests at that time.

ORDERED this 10th day of June, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE