IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| ANTHONY COOKS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 2:10-cv-00332 |
| | § | |
| OSCAR BARRON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING IN PART AND REJECTING IN PART THE
MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Pending before the Court is Defendants' Motion for Summary Judgment. (D.E. 55.) On October 7, 2011, United States Magistrate Judge B. Janice Ellington signed a Memorandum and Recommendation to Grant in Part and Deny in Part Defendants' Motion for Summary Judgment. (D.E. 77.)  The Magistrate Judge recommends that (1) the Court grant summary judgment as to Plaintiff's claims against Officers Pulido, Espinoza, and Villareal for Plaintiff's failure to exhaust his administrative remedies against them; (2) summary judgment be granted with regard to Plaintiff's excessive force claim against Officer Barron in his official capacity; (3) Plaintiff's request for injunctive relief be denied; and (4) summary judgment be denied as to the excessive force claim against Officer Barron in his individual capacity and that this claim proceed to trial along with a claim for violation of bodily integrity.

On October 20, 2011, Officer Barron (Defendant) filed Objections to the Memorandum & Recommendations of the United States Magistrate Judge or, in the Alternative, Motion for

Leave to File a Second Motion for Summary Judgment. (D.E. 79.)  Defendant raises two objections: (**A**) Defendant objects that the Magistrate Judge improperly inserted an Eighth Amendment bodily integrity claim into the case in her Memorandum and Recommendation; and (**B**) Defendant objects that the Magistrate Judge's findings as to Plaintiff's excessive force claim were inconsistent with the undisputed summary judgment evidence.  Defendant is entitled to a de novo disposition of those portions of the Magistrate Judge's Memorandum and Recommendation to which he raised objections.[1]

## II.     ANALYSIS OF DEFENDANT'S OBJECTIONS

### A.     Plaintiff May Not Bring a Separate Bodily Integrity Claim

Defendant objects to the Magistrate Judge inserting a bodily integrity claim into this case as such a claim was never pled, nor identified by the Court or any party prior to the Magistrate Judge's Memorandum and Recommendation. (D.E. 79 at 2–5.)  Defendant argues that, at the *Spears* hearing in this matter, the Magistrate Judge concluded Plaintiff's cause of action against Defendant consisted of a single excessive force claim under the Eighth Amendment alleging physical and sexual assault, and inserting a new cause of action at this point in the litigation prejudices Defendant. (D.E. 79 at 3.)

The Magistrate Judge's Memorandum and Recommendation states that Plaintiff's bodily integrity claim is properly considered under the Eighth Amendment and does not constitute an independent ground for relief. (D.E. 77 at 15.)  Nevertheless, the Magistrate Judge recommends that the Court characterize Plaintiff's Complaint as a claim for excessive force and for violation of his right to bodily integrity. (D.E. 77 at 18.)  The Court sustains Defendant's objection with regard to the Magistrate Judge's recommendation that Plaintiff may proceed to trial on a separate bodily integrity claim.

---

[1]     FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

An inmate's right to be free from sexual assault at the hands of state prison officials is secured by the Eighth Amendment's prohibition against excessive force.[2] Like the Eighth Amendment, which requires that prison officials comply with certain basic standards of decency in their treatment and care of convicted prisoners, the Fourteenth Amendment similarly protects individuals under the state's care from violence and sexual abuse by state employees.[3] The Fifth Circuit has described this as "the right to be free of state-occasioned damage to a person's bodily integrity" arising under the Fourteenth Amendment's substantive due process clause.[4]

Many of the rights guaranteed by the Eighth and Fourteenth Amendments' are congruous.[5] In other words, a sexual assault may constitute a violation of the Eighth Amendment right to be free from the application of excessive force by state officials and the right to bodily integrity secured by the Fourteenth Amendment's substantive due process clause.[6] Nevertheless, when a convicted prisoner alleges a violation of a constitutional right secured by

---

[2] *See Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) ("severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment"); *Smith v. Cochran*, 339 F.3d 1205, 1208 (10th Cir. 2003) (forced oral sex and sexual intercourse violated Eighth Amendment right to be free from excessive force); *Copeland v. Nunan*, Case No. 00-20063, 2001 WL 274738, at *3 (5th Cir. Feb. 21, 2001) (unpublished) ("[V]iolent sexual assaults involving more than *de minimis* force are actionable under the Eighth Amendment . . . , isolated, unwanted touchings by prison employees, though 'despicable and, if true, they may potentially be the basis of state tort actions . . . they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.' " (quoting *Boddie v. Schneider*, 105 F.3d 857, 860–61 (2d. Cir. 1997))); *Styles v. McGinnis*, Case No. 0-1415, 2001 WL 1667273, *2 (6th Cir. Dec. 26, 2001) (forced rectal examination violated Eighth Amendment); *Schwenk v. Hartford*, 204 F.3d 1187, 1198 (9th Cir. 2000) (demand for oral sex accompanied by grabbing and pushing inmate up against bars violated Eighth Amendment); *Liner v. Goord*, 196 F.3d 132, 135 (2nd Cir. 1999) (intrusive body cavity search violated Eighth Amendment); *Berry v. Oswalt*, 143 F.3d 1127 (8th Cir. 1998) (rape and harassment of inmate—including propositions, sexual comments, and attempts to perform non-routine pat-downs—violated Eighth Amendment); *Boddie*, 105 F.3d at 860–61 ("sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society"); *Little v. Walker*, 552 F.2d 193, 197 (7th Cir. 1977) (rape of inmate violated Eighth Amendment); *Simmons v. Mallick*, 2010 WL 2079865 (M.D. Pa. Apr. 21, 2010) (prison officials violated Eighth Amendment by placing inmate in a headlock while a second jammed his finger in his rectum).
[3] *Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443, 451–52 (5th Cir. 1994).
[4] *Id*.
[5] *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) ("Due Process Clause affords [] no greater protection than does the Cruel and Unusual Punishment Clause"); *Berry v. City of Muskogee*, 900 F.2d at 1494, n. 6 ("with regard to the rights of convicted prisoners, the legal standards under the Eighth and Fourteenth Amendments generally are congruous").
[6] *See Austin v. Johnson*, 328 F.3d 204, 210, n. 10 (5th Cir. 2003); *Smith*, 339 F.3d at 1212 ("The right to be secure in one's bodily integrity includes the right to be free from sexual abuse.").

both the Eighth and Fourteenth Amendments, the Eighth Amendment's explicit guarantee of prisoner rights controls over the Fourteenth Amendment's more general substantive due process protections.[7] Therefore, Plaintiff's allegations of physical and sexual assault must be characterized and analyzed as an Eighth Amendment excessive force claim.

In sum, Plaintiff may proceed to trial under the Eighth Amendment as its explicit protections of prisoner rights supersedes the Fourteenth Amendment's more general substantive due process protections. The Court sustains Defendant's objection and characterizes Plaintiff's Complaint as alleging only an Eighth Amendment excessive force claim for physical and sexual assault.

### B. Defendant's Objections to the Magistrate Judge's Findings Are Overruled

Next, Defendant objects to the Magistrate Judge's factual findings. Defendant argues that a reasonable jury could not possibly find for Plaintiff based on the evidence in the record. (D.E. 79 at 5.) In her Memorandum and Recommendation, the Magistrate Judge found that genuine issues of material fact remain. (D.E. 77 at 14.) Defendant argues, however, that the factual assertions fundamental to Plaintiff's claims are completely undermined by the undisputed summary judgment evidence because (1) Plaintiff's statements regarding the alleged sexual

---

[7] The Fifth Circuit has concluded that when the Eighth and Fourteenth Amendments secure virtually identical rights under the constitution, *only* the more explicit constitutional protection applies, not both:

> Though it is not apparent from their fourth amended complaint, plaintiffs bring a separate due process claim under the Fourteenth Amendment, contending that John E's right to bodily integrity was violated. The Eighth Amendment, however, "serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986). Although both the Eighth and Fourteenth Amendments protect the safety and bodily integrity of prisoners, the legal standards are virtually identical. *Berry v. City of Muskogee*, 900 F.2d 1489, 1494 n. 6 (10th Cir. 1990). Because the Eighth Amendment, as "an explicit textual source of constitutional protection," defines the limits of government action, it controls over "the more generalized notion of substantive due process." *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989) (internal quotation marks omitted). ***We therefore construe plaintiffs' complaint as raising a claim under only the Eighth Amendment***.

*Austin*, 328 F.3d at 210, n. 10 (emphasis added).

assault are inconsistent, and therefore, they should be disregarded; and (2) the alleged sexual assault could not have occurred in the way described by Plaintiff as it would have been impossible for Defendant's penis to make contact with Plaintiff's face through the cell door's tray slot. (D.E. 79 at 6–7.)

While a court may consider the sufficiency of a plaintiff's evidence on summary judgment, it may not weigh the evidence or make credibility determinations with regard to witnesses.[8] The Magistrate Judge correctly concluded that Defendant's argument regarding Plaintiff's initial failure to include allegations of sexual assault in the grievance filed with the prison (D.E. 55-3 at 12) improperly calls for a judicial assessment of Plaintiff's credibility and the believability of his claims. (D.E. 77 at 14.) It is not for the Court to determine the believability of a witness or the evidence. Credibility determinations are the exclusive province of the jury.

Plaintiff's second factual objection to the Magistrate Judge's Memorandum and Recommendation is that the alleged sexual assault could not have occurred in the way described by Plaintiff. Plaintiff submitted several photographs of Plaintiff's cell door (D.E. 79-1), arguing that it would have been impossible for Defendant's penis to make contact with Plaintiff's face in the manner alleged. The Court will not consider Defendant's photographs as they were untimely submitted.[9]

---

[8] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 544 (5th Cir. 2005) (court may decide a motion for summary judgment based on the weakness of a plaintiff's evidence, but it may not discount a plaintiff's testimony based on credibility concerns); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) ("the court must view all of the evidence in the record, but make no credibility determinations or weigh any evidence").

[9] *See Slaughter v. Southern Talc Co.*, 919 F.2d 304, (5th Cir. 1990) ("Absent an affirmative showing of excusable neglect, a trial court does not abuse its discretion in refusing an untimely proffer."); FED. R. CIV. P. 6(c)(2); FED. R. CIV. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

The Court finds that a reasonable jury could find the alleged events occurred in the manner described by Plaintiff. Therefore, Defendant's objections to the Magistrate Judge's factual findings are overruled, and summary judgment is denied with regard to the excessive force claim against Officer Barron in his individual capacity. Plaintiff's Eighth Amendment excessive force claim against Defendant alleging physical and sexual abuse may proceed to trial.

## III.  CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 77), as well as Defendant's Objections (D.E. 79), and all other relevant documents in the record, and having made a de novo disposition of the objected-to portions of the Magistrate Judge's Memorandum and Recommendation, the Court **ADOPTS IN PART AND REJECTS IN PART** the findings and conclusions of the Magistrate Judge.

The Court adopts the Magistrate Judge's findings and conclusions with regard to Plaintiff's claims against Officers Pulido, Espinoza, and Villareal. Plaintiff failed to exhaust his administrative remedies, and summary judgment is granted.

The Court adopts the Magistrate Judge's findings and conclusions with regard to the excessive force claim against Officer Barron in his official capacity. Plaintiff's claim against Officer Barron in his official capacity is barred by the Eleventh Amendment, and therefore, summary judgment is granted. Plaintiff's request for injunctive relief against Officer Barron in his official capacity is also denied.

The Court adopts in part and rejects in part the Magistrate Judge's findings and conclusions with respect to the claims against Officer Barron in his individual capacity. The Court does not recognize a separate bodily integrity claim; however, the Court denies summary

judgment with regard to the excessive force claim for physical and sexual abuse. Plaintiff may proceed to trial *only* on his Eighth Amendment excessive force claim against Officer Baron in his individual capacity.

Accordingly, Defendants' Motion for Summary Judgment (D.E. 55) is **GRANTED IN PART AND DENIED IN PART**.

**ORDERED** this 20th day of December 2011.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**